J-S52031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| G.M.H. | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA | |
| Appellant | : | | |
| | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| | : | | |
| K.Y. | : | No. 1622 EDA 2019 | |

Appeal from the Order Entered May 6, 2019
In the Court of Common Pleas of Wayne County Civil Division at No(s):
253-DR-2016

BEFORE:  OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:               **FILED NOVEMBER 07, 2019**

G.M.H. ("Grandmother") appeals from the order granting the Exceptions to the Master's Report and Recommendation filed by K.Y. ("Mother") and dismissing Grandmother's Complaint in Custody, which sought partial custody of A.K. ("Child"), for a lack of standing. We affirm.

In June 2016, Grandmother[1] filed a Complaint in Custody for Grandparent Rights against Mother seeking partial physical custody of Child. On November 15, 2016, the trial court dismissed the Complaint for lack of standing. Grandmother did not appeal.

Subsequent to the filing of the first Complaint, a separate dependency proceeding commenced, and a separate third party had custody of Child. It

---

[1] Grandmother is Child's paternal grandmother. Child's father has partial custody of Child through an informal agreement with Mother.

appears Grandmother did not have visitation with Child during the dependency proceeding. Mother regained custody following the dependency proceeding.

In April 2018, Grandmother filed a second Complaint in Custody for Grandparent Rights at the same docket number as the first Complaint. Although the Complaint was docketed with the trial court on April 12, 2018, Grandmother did not affect service on Mother until April 25, 2018. Mother filed a *pro se* Answer on May 7, 2018, in which she challenged Grandmother's standing. The parties entered into an Interim Agreement in which they agreed that, among other things, Grandmother would have weekly visits with Child on Saturday from 1:00 p.m. to 5:00 p.m. The parties agreed that there would be a hearing or conference in the matter in three months.

Mother did not bring Child to the first five visits. Mother filed a Petition for Modification. Grandmother filed a Petition for Contempt and Special Relief in Custody[2] and a Counter Petition for Modification of Custody, in which she sought overnight visits with Child.

A Master held a hearing on the petitions and filed a Report and Recommendation, in which he recommended that Grandmother continue to have weekly visits with Child. The Master did not address standing.

Mother filed Exceptions to the Report and Recommendation, including a claim that the Master erred in failing to determine whether Grandmother had standing. In May 2019, the trial court granted Mother's exceptions and

---

[2] The parties stipulated to add an additional hour to Grandmother's weekly visits to resolve the contempt petition. Stipulation, filed Sept. 7, 2018.

dismissed Grandmother's custody Complaint for lack of standing. Grandmother filed a timely Notice of Appeal.

Grandmother raises the following issues:

> 1. Did the trial court err as a matter of law in concluding that a grandmother was divested of standing as a result of the repeal of 23 Pa.C.S.A. § 5325(2) when the grandmother had standing when she initiated the custody action in June of 2016 pursuant to 23 Pa.C.S.A. § 5325(2) and the child's mother did not object to the grandmother's standing at that time or to the constitutionality of 23 Pa.C.S.A. § 5325(2)?

> 2. Did the trial court err as a matter of law in concluding that a grandmother lacked standing to seek partial physical custody when the child's mother waived the issue of the grandmother's standing by failing to object to her standing after she filed her initial custody complaint, failing to file preliminary objections to the grandmother's most recent custody complaint, entering into agreements with the grandmother by which the grandmother was granted partial physical custody of the child, and failing to object to the grandmother's standing to file the counterpetition for modification before the trial court?

Grandmother's Br. at 4.

Grandmother first argues that she had standing under the version of 23 Pa.C.S.A. § 5325(2) that existed when she filed her first custody complaint in 2016 and her standing cannot be overcome by a subsequent change in the law.

When Grandmother filed her first complaint, the grandparent custody statute allowed grandparents to seek custody where the "parents of the child have been separated for a period of at least six months." 23 Pa.C.S.A. §

5325(2). In September 2016, the Pennsylvania Supreme Court found this provision to be unconstitutional. **D.P. v. G.J.P.**, 146 A.3d 204 (Pa. 2016).[3]

Grandmother cites to **M.G. v. L.D.** There, this Court found we did not need to address whether **D.P.** applied. **M.G. v. L.D.**, 155 A.3d 1083, 1087 at n.5 (Pa.Super. 2017). We reasoned that although "we have re-evaluated a party's standing following a factual change in circumstances, . . . our review of Pennsylvania jurisprudence does not support . . . re-evaluation of standing . . . absent a determination that the change in law applied retroactively." **Id.**

Here, although Grandmother filed a Complaint in Custody in 2016, that is not the complaint that was before the trial court. Rather, the court dismissed that Complaint for lack of standing. Further, following that Complaint, there was a dependency proceeding, which was resolved when Mother regained physical and legal custody of Child. Grandmother filed the Complaint at issue in 2018, after the dependency proceeding. Therefore, whether Grandmother had standing when she filed her 2016 Complaint is irrelevant. **See M.W. v. S.T.**, 196 A.3d 1065, 1071 (Pa.Super. 2018) (concluding "Children's change in status from dependent to not dependent, and reunification with Parents, are relevant changes in circumstances that permit the re-evaluation of standing upon motion by a party").

Grandmother next argues that Mother failed to preserve her objection to standing because Mother did not file preliminary objections within 20 days

---

[3] In May 2018, the Pennsylvania General Assembly amended the statute. The amended statute became effective in July 2018. 23 Pa.C.S.A. § 5325.

of the filing of Grandmother's 2018 Complaint. Grandmother argues that

Mother's denial of Grandmother's standing in the Answer to the Complaint is

not sufficient to preserve the claim.[4]

The trial court concluded:

> The Rules of Civil Procedure state that "[a] party must raise any question of jurisdiction of the person or venue, and may raise any question of standing, by preliminary objection filed within twenty days of service of the pleading to which objection is made or at the time of hearing, whichever first occurs." Pa. R. Civ. Pro. 1915.5(a) (emphasis added). Since resolution of a standing issue has the potential to control the outcome of the entire case without the court ever reaching the merits, it is important that the issue be raised as early as possible. A party, however, is not required under Rule 1915.5(a) to raise a question of standing by preliminary objection. Here, [Mother] provided [Grandmother] with notice of her intention to object to standing in her *pro se* Answer . . . . The Master failed to address the issue of standing in the Report and Recommendation that was filed on January 18, 2019 to the incorrect docket number, 167-2014-dr. The Master's failure to address the issue caused [Mother] to file an exception on the matter. Thus, this Court did not err by dismissing [Grandmother's] Custody Complaint for lack of standing.
>
> . . .
>
> [Mother] filed a pro se Answer to [Grandmother's] Complaint on May 7, 2018. [Mother's] Answer provided [Grandmother] with notice of her intention to object to standing. On August 6, 2018, the parties voluntarily entered into an Interim Agreement. Nowhere within the Agreement do the parties address the issue of standing. It is unclear to this Court how entering into an interim agreement waives

---

[4] Grandmother claims that Mother filed her Answer 25 days after the Complaint. However, although the Complaint was filed on April 12, 2018, it was not served on Mother until April 25, 2018. She filed her *pro se* answer on May 7, 2018, which was within 20 days of service.

outstanding issues that are to be determined by the court. [Grandmother] failed to provide this Court with legal argument that would support such a claim. Thus, this Court did not err in dismissing [Grandmother's] Custody Complaint for lack of standing.

Trial Court Opinion, filed June 27, 2019, at 2-3.

We agree with the trial court. Mother filed a *pro se* Answer, raising the issue of standing and entered an Interim Agreement, knowing that a hearing would be held on the issues raised in the Complaint and Answer, including whether Grandmother had standing. Further, after the Master issued a Report and Recommendation that did not address whether Grandmother had standing, Mother filed Exceptions, again asserting that Grandmother lacked standing. We decline to find waiver under these circumstances.[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/19

---

[5] We further note that Mother and Father are in agreement that Grandmother should not have custody of Child. Father testified that Grandmother could come to Father's house to visit Child, but that "this is not the way" to see Child. N.T., 1/8/19/, at 40. When asked if Grandmother should have overnight visits, Father responded "[a]bsolutely not." *Id.* at 41.